**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Micheal Usher,<br><br>          **Plaintiff,**<br><br>vs<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC,<br><br>          **Defendant.** | CIVIL ACTION NO:1:25–CV–12374–WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(5)**

Plaintiff Michael Usher respectfully submits this Opposition to Defendant Equifax Information Services LLC's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5). The Motion should be denied because:

a.  Equifax was properly served;

b.  even if service were imperfect, Equifax waived all other Rule 12(b) defenses under Rule 12(g)(2);

c.  Equifax had actual notice and suffered no prejudice; and

d.  dismissal with prejudice is improper under Rule 4(m).

This Opposition is filed pursuant to the Court's May 2, 2026 Order directing Plaintiff to respond within ten days.

## I.    INTRODUCTION

1.      Equifax moves to dismiss solely on the ground that Plaintiff allegedly served "*the summons only.*" This assertion is contradicted by the sworn Proof of Service filed on the docket, which confirms that both the Summons and Complaint were delivered to Equifax's registered agent on October 29, 2025. See *Exhibit A*

2.      Even assuming that service was imperfect (it was not), Equifax's motion still fails because Rule 12(g)(2) bars a defendant from filing a Rule 12 motion and later attempting to raise additional Rule 12(b) defenses that were available but omitted. Equifax chose to file a Rule 12(b)(5) motion only. All other Rule 12(b) defenses are now waived.

## II.    LEGAL STANDARD

3.      Rule 4(c)(1) requires that a summons be served with a copy of the complaint. Rule 12(b)(5) allows dismissal for insufficient service, but dismissal is improper where the defendant received actual notice and suffers no prejudice. *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992).

4.      Rule 12(g)(2) prohibits a defendant from filing successive Rule 12 motions raising defenses that were available but omitted from the first motion. Any omitted Rule 12(b) defense is waived. Fed. R. Civ. P. 12(h)(1)(A).

## III.    ARGUMENT

### A.  Plaintiff Properly Served Equifax on October 29, 2025

5.      The docket contains a sworn Proof of Service confirming that Plaintiff served Equifax's registered agent with both the Summons and Complaint. Equifax's motion does not dispute the authenticity of the return, nor does it offer any affidavit contradicting service.

6.      A signed return of service is prima facie evidence of valid service. *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008). Equifax's bare assertion that it "has never been served" cannot overcome the executed return.

### B.  Even If Service Were Imperfect, Equifax Waived All Other Rule 12(b) Defenses Under Rule 12(g)(2)

7.      Equifax elected to file a pre-answer motion under Rule 12(b)(5). Under Rule 12(g)(2), once a defendant chooses to file a Rule 12 motion, it must consolidate all available Rule 12(b) defenses into that motion.

8.      Federal courts consistently enforce this rule:

- "A party that makes a Rule 12 motion must consolidate all Rule 12 defenses or objections then available." *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015).

- Rule 12(g)(2) "prohibits successive motions raising defenses that were available but not asserted in the first motion." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).
- The First Circuit likewise holds that Rule 12(h)(1) "compels consolidation of Rule 12 defenses." *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment Fund*, 967 F.2d 688, 691 (1st Cir. 1992).

9. When Equifax filed its Rule 12(b)(5) motion, all other Rule 12(b) defenses—including Rule 12(b)(1), Rule 12(b)(2), and Rule 12(b)(6)—were available. Because Equifax did not consolidate those defenses into its motion, they are now waived under Rule 12(g)(2) and Rule 12(h)(1)(A).

### C. Equifax Had Actual Notice and Suffered No Prejudice

10. Even where service is technically imperfect, dismissal is improper where the defendant received actual notice and suffered no prejudice. *Precision Etchings*, 953 F.2d at 23.

11. Equifax's own motion confirms it monitored the docket, reviewed filings, and had full knowledge of the lawsuit. There is no prejudice.

### D. Dismissal With Prejudice Is Improper Under Rule 4(m)

12. Even if service were defective (it was not), Rule 4(m) requires the Court to allow additional time for service unless the plaintiff acted in bad faith. Equifax cites no authority permitting dismissal with prejudice for a Rule 12(b)(5) issue.

13. Courts routinely deny dismissal or grant leave to cure. See Henderson v. United States, 517 U.S. 654, 662 (1996).

14. Equifax's request for dismissal with prejudice is legally unsupported.

### IV.    CONCLUSION

15. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Equifax's Motion to Dismiss.

Respectfully submitted,

Michael Usher
181 W Broadway
Boston, MA 02127
617-934-9298

mizzo40@icloud.com

Dated: May 6, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on  May 6, 2026 , a copy of the foregoing document was served via the Court's ECF system upon *Counsel for Defendant*.

**Mario D. Nimock,** Bar No. 687627
mnimock@seyfarth.com
233 South Wacker Drive. Ste: 8000
Chicago, Illinois 60606-5218
(312) 460-5218

*Counsel for Defendant*
*Equifax Information Services LLC*