**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

MICHAEL USHER,

        Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES, LLC,

        Defendant.

Case No. 1:25-cv-12374-WGY

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

### PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

This is an action for actual, statutory damages and cost brought by Mr. USHER against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that

Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

**ANSWER:**

Equifax admits that it is subject to the FCRA. To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶4:**

Venue is proper in Suffolk County, Massachusetts because the acts complained of were committed and/or caused by the Defendant within Suffolk County.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶5:**

Mr. USHER is a natural person residing in Boston, Suffolk County, Massachusetts.

321655266v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Mr. USHER is a Consumer as defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶7:**

Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW., Atlanta, GA 30309.

**ANSWER:**

Equifax admits that it is a Georgia limited liability company that maintains its principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶8:**

Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax admits that the FCRA outlines certain reporting requirements and that it is aware of those requirements that potentially apply to it.  Equifax denies the remaining allegations in this paragraph.

3

## FACTUAL ALLEGATIONS

## Mr. USHER' August 2025 Consumer Disclosure

**COMPLAINT ¶9:**

On or about August 5, 2025, Mr. USHER requested a copy of his consumer credit disclosure from Equifax. SEE PLAINTIFF'S EXHIBIT A

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Certain allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶10:**

Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. USHER' request, Equifax was required to "clearly and accurately" disclose all information in Mr. USHER' file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶11:**

Equifax provided an electronic copy of Mr. USHER' Consumer Disclosure ("Equifax's Disclosure") to via annualcreditreport.com

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

4

**<u>Missing Account Numbers, Missing Account Information and Payment History</u>**

**<u>COMPLAINT ¶12:</u>**

Making matters even more confusing for Mr. USHER, Equifax omitted the full Account Numbers, Missing Account Information and Payment History relating to Portfolio Recovery Associates., Syncb/Tjx Co., Capital One Bank Usa Na., Discover Card., (4) Dept Of Ed., Barclays Bank Delaware., Nelnet Loan Servicing., Peter Roberts & Assoc Inc., and Caine & Weiner Company Inc trade lines.

**<u>ANSWER:</u>**

Certain allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**<u>COMPLAINT ¶13:</u>**

On information and belief, this data furnisher reported the full account numbers, missing account information and payment history belonging to its respective accounts to Equifax, and this information was contained within Equifax's file regarding Mr. USHER at the time of his request.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶14:</u>**

When Equifax produces and sells reports regarding Mr. USHER to third parties, the full account numbers, missing account information and payment history are included in its reports.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶15:</u>**

The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

321655266v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

Having a duty to disclose all of the information regarding the accounts in Mr. USHER' file, Equifax breached its duty by failing to provide the account numbers, missing account information and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶17:**

Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Equifax's disclosure contains collection information that stays on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

On information and belief, all the aforementioned data furnishers reported full account numbers, missing account information and payment history to Equifax, and this information was contained within Equifax's file on Mr. USHER at the time of his request for his consumer disclosure.

321655266v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Due to widespread systemic problems, Equifax's automated systems omits all but the last two or four account numbers, missing account information and payment history reported by data furnishers.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

Equifax knows of this error but, despite such knowledge, has yet to correct it.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶22:**

The failure to disclose full account numbers, missing account information and payment history violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

**ANSWER:**

Equifax states that the statutory provisions and case law referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions and case law referenced by this paragraph.

321655266v.1

**COMPLAINT ¶23:**

The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

**ANSWER:**

Equifax states that the statutory provisions and case law referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions and case law referenced by this paragraph.

**COMPLAINT ¶24:**

The lack of accurate, full account numbers, missing account information and payment history caused Mr. USHER great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶25:**

Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information' in the file." SEE PLAINTIFF'S EXHIBIT B.

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

8

321655266v.1

**COMPLAINT ¶26:**

Equifax's omission of the full account numbers, missing account information and payment history greatly decreases a consumer's ability to understand his, consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Prevalence of Equifax's Account Number Errors, Missing Account Information and Payment History**

**COMPLAINT ¶27:**

On information and belief, Equifax's Disclosure to Mr. USHER was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

On information and belief, this same template is used virtually every time a consumer requests their file from Equifax through www.armualcreditreport.com.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

9

321655266v.1

**COMPLAINT ¶30:**

Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and payment history errors.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶31:**

Thus, every consumer with accounts appearing with missing information in their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. USHER.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶32:**

Equifax's error has therefore likely affected thousands of consumers.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶33:**

Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶34:**

Equifax's knowing and repeated conduct warrants an award of punitive damages.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶35:**

Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

321655266v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶36:**

Mr. USHER has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶37:**

Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. USHER deprived his of this right.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT I**
**VIOLATIONS OF THE FCRA**

**COMPLAINT ¶38:**

Mr. USHER adopts and incorporates paragraphs 1 - 37 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶39:**

Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Mr. USHER' request for his consumer disclosure by failing to clearly and accurately disclose to Mr. USHER, a Consumer, all of the information in his file at the time of the request. Specifically, Equifax disclosed twelve (12) accounts reported without disclosing the full account number, missing account information and

11

321655266v.1

payment history or twelve (12) accounts also without the full account numbers, missing account information and payment history even though full account numbers, missing account information and payment history were reported by the data furnishers.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶40:**

Equifax knowingly provided inaccurate and incomplete information in Mr. USHER' disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶41:**

Equifax is therefore liable to Mr. USHER, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus costs.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶42:**

Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Mr. USHER, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus costs.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

WHEREFORE, Mr. USHER respectfully requests that the Honorable Court enter judgment against Equifax for:

a.     The greater of statutory damages of $1,000 per incident and Mr. USHER' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. USHER' actual damages pursuant to 15 U.S.C. § 16810(a)(1);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

321655266v.1

c.    Costs pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 16810(a)(2); and,

d.    Such other relief that this Court deems just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## DEMAND FOR JURY TRIAL

Mr. USHER demands a jury trial on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

## SECOND DEFENSE

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of laches.

## THIRD DEFENSE

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations and/or statute of repose.

13

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not make a direct dispute with Equifax concerning the information alleged in the Complaint.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED: June 1, 2026                     Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Jennifer R. Brooks*
                                            Jennifer R. Brooks
                                            *Admitted Pro Hac Vice*
                                            jrbrooks@seyfarth.com
                                            SEYFARTH SHAW LLP
                                            2323 Ross Avenue, Suite 1660
                                            Dallas, Texas  75201
                                            Telephone:  (469) 608-6730

                                        *Counsel for Defendant*
                                        *Equifax Information Services LLC*

14

321655266v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and *Plaintiff pro se.*

*/s/ Jennifer R. Brooks*
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

321655266v.1